UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARIE A MAROTO,<br>    *Plaintiff*,<br><br>v.<br><br>JONATHAN R. HADDAD,<br>    *Defendant*. | )<br>)<br>) CASE NO. 3:22-cv-1593<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER GRANTING SUMMARY JUDGMENT

This action is before the court upon Defendant Jonathan R. Haddad's Motion for Summary Judgment. ECF No. 20. The court has reviewed the motion, Plaintiff's opposition to the motion, ECF No. 22, Defendant's reply in support of the motion, ECF No. 23, and the record in this case and is thoroughly advised in the premises.[1] For the reasons discussed herein, the motion is **GRANTED.**

### I.   PROCEDURAL BACKGROUND

On December 12, 2022, Plaintiff filed her complaint in Connecticut Superior Court. On December 15, 2022, Defendant removed the state court action to this court. Then, on February 6, 2023, Defendant filed a motion for a more definite statement, ECF No. 15, and Plaintiff responded on February 21, 2023, *see* ECF No. 16. On January 26, 2024, Defendant filed the instant motion for summary judgment.

---

[1] The court finds that the briefs are thorough and complete and that there is no need for oral argument on the motion.

1

## II.  FACTS

As of June 2022, Plaintiff lived with her daughter and grandchild at her home in Middletown, Connecticut.[2]  ECF No. 20-5, Body-Worn Camera ("BWC") ("38_Trolley_Crossing-_Domestic.mp4," hereinafter "Hadad BWC" [00:38-45]).

On the evening of June 20, 2022, Plaintiff called the Middletown Police Department after an altercation with her daughter.  ECF No. 1, ¶ 1.  Officers Hadad and Cook reported to the scene.  ECF No. 20-4, ¶ 6.

Officer Hadad spoke with the plaintiff upon arrival.  ECF No. 1, ¶ 2.  Plaintiff expressed her frustration with her daughter and how a discussion about bills led to a physical confrontation.  Hadad BWC [03:00-40).  Plaintiff said the heated conversation escalated and resulted in the two physically pushing each other.  *Id.*  Plaintiff admitted that she grabbed her daughter's arm.  Hadad BWC [05:00-10]; ECF No. 20-3 [Maroto Dep. Tr. 47:7-9].  She also admitted to drinking a couple glasses of wine that day prior to her confrontation with her daughter.  Hadad BWC [05:50-06:00].

Officers Hadad and Cook spoke with Plaintiff's daughter, Jessica.  ECF No. 1, ¶ 2.  Jessica confirmed that the two had a fight that resulted in both pushing each other.  ECF No. 20-6.  The two officers proceeded inside the apartment and spoke with Plaintiff's grandchild who reported observing her grandmother (Plaintiff) start a fight with Jessica, yell at her, and scratch her arm.  Hadad BWC [13:00-14:00].  Officer Hadad observed nail marks on Jessica's arm.  Hadad BWC [08:30-9:00].

The officers concluded their investigation and discussed the results of that investigation with Plaintiff on a small landing outside the door to her apartment.  Hadad

---

[2] The court reviewed the manually filed body worn camera (BWC) footage.

BWC [18:30-19:00].   Among other things, Officer Hadad explained that Plaintiff's grandchild corroborated that Plaintiff was the aggressor, that Plaintiff dug her nails into Jessica's arm, and that Plaintiff appeared intoxicated.  Hadad BWC [18:30-19:10].

Officer Hadad then proceeded to ask whether Plaintiff could stay somewhere else for the night.  Hadad BWC [19:10-19:20].  Plaintiff answered in the negative and Officer Hadad calmly explained that it was a domestic violence call, and someone needed to be arrested, or leave the premises.  Hadad BWC [19:10-19:30].  Again, Plaintiff declined.  *Id.* Officer Hadad then told Plaintiff she would be arrested based on the marks on Jessica's arm.  Hadad BWC [19:30-20:00].  Plaintiff showed bruises on her arms, but the officers concluded that they appeared older; that is, that they did not occur that day.  *Id.*

Police moved to place Plaintiff in handcuffs.  Hadad BWC [22:00-23:00].  Plaintiff lightly resisted and, in an attempt to evade officers, moved toward the door to her apartment.  *Id.*  Officer Cook grabbed Plaintiff's right arm and Defendant Hadad grabbed her left.  *Id.*  The officers placed Plaintiff's arms behind her back while, respectfully and calmly, requesting that she stop resisting.  *Id.* Plaintiff was then escorted to Officer Hadad's cruiser.  *Id.*  As they approached the cruiser, Plaintiff requested that Defendant loosen the handcuffs and Defendant obliged immediately.  Hadad BWC [23:00-24:00].  Defendant then placed Plaintiff in the back of his cruiser.  *Id.*  About ten minutes later, Defendant removed the handcuffs on Plaintiff's wrists.  Hadad BWC [34:20-45].

Subsequently, Defendant spoke with Plaintiff's other daughter who agreed to come to the scene to pick her up.  Hadad BWC [47:00-49:00].  That is, Officer Hadad arranged for the plaintiff to stay somewhere else other than prison.  Before departing the scene, Officer

3

Hadad charged Plaintiff with Disorderly Conduct in violation of C.G.S. § 53a-182.  ECF No. 20-3 [Maroto Dep. Tr. 68:10-19].

On June 22, 2022, approximately two days after the incident, Plaintiff appeared at urgent care.  ECF No. 22-2.  That evaluation indicated that Plaintiff reported that she "fell" and felt rib pain.  *Id.*  That injury resolved in 3-4 weeks and bruising to her wrists resolved in "a couple of weeks."  ECF No. 20-3 [Maroto Dep. Tr. 71:10-19; 72:2-9].

### III. <u>LEGAL STANDARD</u>

A motion for summary judgment may be granted only where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *see also Nick's Garage, Inc. v. Progressive Cas. Ins. Co.,* 875 F.3d 107, 113–14 (2d Cir. 2017).  "A genuine issue of material fact exists if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"  *Nick's Garage*, 875 F.3d at 113–14 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  The substantive law in question determines which facts are material.  *See Anderson*, 477 U.S. at 248.  "The same standard applies whether summary judgment is granted on the merits or on an affirmative defense . . . ."  *Giordano v. Mkt. Am., Inc.*, 599 F.3d 87, 93 (2d Cir. 2010).  In considering a motion for summary judgment, a court "must construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant."  *Kee v. City of New York*, 12 F.4th 150, 158 (2d Cir. 2021) (citation and internal quotation marks omitted).

The moving party bears the initial burden of informing the court of the basis for its motion and identifying the admissible evidence it believes demonstrates the absence of

4

a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the moving party meets this burden, the non-moving party must set forth specific facts showing that there is a genuine issue for trial.  *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011).  They cannot "rely on conclusory allegations or unsubstantiated speculation" but "must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact."  *Robinson v. Concentra Health Servs.*, 781 F.3d 42, 44 (2d Cir. 2015) (citation omitted).  To defeat a motion for summary judgment, the non-moving party must present such evidence as would allow a jury to find in his favor.  *Graham v. Long Island R.R.*, 230 F.3d 34, 38 (2d Cir. 2000).

Although the court is required to read a self-represented party's papers "liberally to raise the strongest arguments that they suggest," *Willey v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015) (citation and internal quotations omitted), "unsupported allegations do not create a material issue of fact" and do not overcome a properly supported motion for summary judgment.  *Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000).

"[F]ailure to comply with the court's rules concerning the appropriate way to oppose the [defendant's] motion for summary judgment is sufficient reason alone to accept the [defendant's] list of material facts as undisputed." *Scianna v. McGuire,* 1996 U.S. Dist. LEXIS 22334, 1996 WL 684400 at *2 (D.Conn. March 21, 1996) (citing *Dusanenko v. Maloney,* 726 F.2d 82, 84 (2d Cir. 1984)).  Though Rule 56(a)(3) provides this court with discretion to grant the motion for summary judgment because of Plaintiff's omission.  The court declines to take that drastic approach here but accepts as true any factual statements offered by Defendant as true to the extent they are not contradicted by Plaintiff's response or Complaint.

## IV. DISCUSSION

### a. Official Capacity Claims

The court construes Plaintiff's complaint and response to Defendant's motion for a more definite statement to plead a Section 1983 claim against Officer Hadad in his official capacity.

A claim against police officers in their official capacity are essentially a claim against the municipality. *See Reynolds v. Giuliani*, 506 F.3d 183, 191 (2d Cir. 2007); *Curley v. Vill. of Suffern*, 268 F.3d 65, 72 (2d Cir. 2001) (holding that, where claims against a municipality were dismissed, claim against police officers in their official capacity was also properly dismissed because it was essentially a claim against the municipality).

Government entities are responsible under section 1983 only when the plaintiff's injury is "inflicted" by the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *see Outlaw v. City of Hartford*, 884 F.3d 351, 372 (2d Cir. 2018) (explaining that "local governments are responsible only for their own illegal acts[; t]hey are not vicariously liable under [section] 1983 for their employees' actions") (cleaned up) (quoting *Connick v. Thompson*, 563 U.S. 51, 60 (2011)). So, a "plaintiff pursuing a section 1983 claim against a municipality must demonstrate that his or her constitutional injury resulted from the employee's execution of an unconstitutional official policy or practice." *Seri v. Town of Newtown*, 573 F.Supp.2d 661, 666 (D. Conn. 2008). The Plaintiff neither offers nor establishes any practice, policy, or custom.

While an excessive force claim *may* establish municipal liability where a municipality's policymakers are "knowingly and deliberately indifferent to the possibility that its police officers were wont' to violate the constitutional rights of arrestees," nothing in Plaintiff's Complaint or summary judgment briefing, even liberally construed, makes that argument.[3]  Odom v. Matteo, 772 F. Supp. 2d 377, 403  (D. Conn. 2011).

Therefore, Defendant's motion for summary judgment is granted insofar as Plaintiff seeks to sue Officer Hadad in his official capacity.

### b. False Arrest as to Officer Hadad

Probable cause defeats a claim of false arrest or false imprisonment.  *Williams v. Town of Greenburgh*, 535 F.3d 71, 78-79 (2d Cir. 2008) (citations omitted).  An officer has probable cause to arrest when they have "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Walczyk v. Rio*, 496 F.3d 139, 156 (2d Cir. 2007) (citations omitted).  At summary judgment, the question is "whether the facts known by the arresting officer at the time of the arrest objectively provided probable cause to arrest" for any offense. *Ackerson v. City of White Plains*, 702 F.3d 15, 19-20 (2d Cir. 2012) (citations omitted).

Here, Officer Hadad had probable cause to arrest Maroto for disorderly conduct based on undisputed facts.  Under Connecticut law, "[a] person is guilty of disorderly conduct when, with intent to cause inconvenience, annoyance or alarm, or recklessly creating a risk thereof, such person: (1) Engages in fighting or in violent, tumultuous or

---

[3] Such an argument might be raised through a "failure to supervise" claim.

7

threatening behavior; or (2) by offensive or disorderly conduct, annoys or interferes with another person . . ." C.G.S. § 53a-182.  Here, Plaintiff admitted that she pushed her daughter.  Defendant Hadad also conducted a brief investigation that corroborated Plaintiff's claims.  Specifically, Plaintiff's daughter confirmed that Plaintiff pushed her, and Plaintiff's granddaughter corroborated that account.  Plainly, Officer Hadad had probable cause to arrest the plaintiff.[4]

### c. Excessive Force

Claims that police officers used excessive force during an arrest are analyzed under the Fourth Amendment reasonableness standard.  *Graham v. Connor*, 490 U.S. 386, 395 (1989).  The standard is the reasonableness of the particular force used at the moment.  O'Hara v. City of New York, 570 Fed. Appx. 21, 23-24 (2d Cir. 2014).  "To establish a claim of excessive force, 'a plaintiff must show that the force used by the officer was, in light of the facts and circumstances confronting him, 'objectively unreasonable' under Fourth Amendment standards.'" *Davis v. Rodriguez*, 364 F.3d 424, 431 (2d Cir. 2004) (quoting *Finnegan v. Fountain*, 915 F.2d 817, 823 (2d Cir. 1990)).

The court reviewed Officers Hadad's and Cook's body worn camera footage.  At the moment it became evident that Plaintiff would be arrested, she attempted to scurry inside her home.  Defendant Hadad and Officer Cook restrained her in an objectively reasonable manner.  That Officer Hadad did not use the exact words "put your hands behind your back" is of no moment.  Indeed, Plaintiff evidently knew that she would be apprehended because she attempted to flee inside her apartment.

---

[4] Even if he did not, qualified immunity would apply.

Similarly, Officer Hadad was justified in handcuffing Plaintiff. She had just been involved in a physical altercation.

Therefore, summary judgment is granted as to Plaintiff's excessive force claims.

### V.  CONCLUSION

Accordingly, it is thereupon **ORDERED AND ADJUDGED** that Defendant's motion for summary judgment is granted.

**IT IS SO ORDERED** in Hartford, Connecticut, this 14th day of March, 2025.

_____/s/_____
OMAR A. WILLIAMS
UNITED STATES DISTRICT JUDGE